INTERNATIONAL AND GREAT NORTHERN RAILROAD COMPANY v. H. M. HEITTNER.

Decided April 18, 1906.

**1.—Evidence—Res Inter Alios—Harmless Error.**

The admission, against a railroad company, of a letter from an agent of a connecting line to his own company, purporting to give statements of plaintiff about damage to his cattle in shipment over such connecting lines, was error; but not cause for reversal where the facts recited therein were testified to by plaintiff on the trial.

**2.—Contract—Cattle Shipment—Notice of Claim—Reasonableness.**

An agreement, by a shipper of live stock, to give notice of his claim for damages within 91 days was not unreasonable, where the evidence showed circumstances under which it could have been readily complied with, and failure to give such notice constituted a defense to his action for damages, on which plaintiff was entitled to have specific requested instructions given.

**3.—Same—Connecting Lines.**

Where on a shipment of live stock over connecting lines the contract with the initial carrier limited its liability to damages on its own lines and provided for notice to it of the shippers claim therefor, notice given to the agent of the terminal carrier without proof to show that he was agent to receive same for defendant, the initial one, was not a compliance with the contract.

**4.—Notice of Claim for Damages—Waiver.**

A contract by a live stock shipper that he would give notice in writing to the contracting carrier of his claim for damages, was not waived by a merely incidental conversation of the shipper with the agent, in which he stated that his horses were damaged, and the agent replied that he had got such notice from the company, and it was error to submit the question of waiver of the stipulation upon such evidence.

**5.—Same.**

To constitute waiver of a contract by plaintiff to give notice of his claim for damages the acts relied on must have led plaintiff to believe that the provision would not be insisted on and induced him to omit compliance therewith.

Appeal from the County Court of Travis County. Tried below before Hon. Jno. W. Hornsby.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.—It appearing from the uncontroverted testimony that J. J. Hamlett was not the agent of defendant, but the agent of the Texas & Pacific Railway Company at Waskom, Texas, the reading in evidence over the objection of defendant of a letter from said Hamlett to the auditor of the company of which he was agent, merely purporting to recite statements made by the plaintiff to the writer of the letter, was the admission of hearsay evidence, which should have been excluded.

There was no evidence that any of defendant's agents had waived the stipulation contained in plaintiff's contract providing that, as a

condition precedent to his right to maintain any suit for loss or damage to his horses, he would give defendant notice in writing of such damage within ninety-one days after the happening of the same. Western Union Tel. Co. v. Ferguson, 27 S. W. Rep., 1048; Baldwin v. Western Union Tel. Co., 33 S. W. Rep., 890; Western Union Tel. Co. v. Rains, 63 Texas, 27; Gulf, C. & S. F. Ry. Co. v. Trawick, 68 Texas, 314; Gulf, C. & S. F. Ry. Co. v. Gatewood, 79 Texas, 89; Young v. Western Union Tel. Co., 65 N. Y., 165; Riddlesbarger v. Hartford Ins. Co., 7 Wall., 389.

The evidence conclusively showed that plaintiff had contracted that if he failed from any cause to give defendant notice in writing of any claim for damages within ninety-one days after the happening thereof, such failure should be a complete bar to the recovery of such damages.

It is the duty of the court, when there is any evidence tending to support an issue raised by the pleadings, to submit said issue in its charge to the jury, or where it has failed to do so and a special instruction is asked presenting such issue, to give the same in charge, and a failure to so charge or to give such special instruction is reversible error. Southern, etc., Ry. Co. v. Sage, 11 Texas Ct. Rep., 977; Missouri, K. & T. Ry. Co. v. Renfro, 11 Texas Ct. Rep., 314; Houston & T. C. Ry. Co. v. Jones, 11 Texas Ct. Rep., 315; Freeman v. Carter, 10 Texas Ct. Rep., 497; Heatherly v. Little, 40 S. W. Rep., 445; Smithwick v. Andrews, 24 Texas, 495; Barkley v. Tarrant Co., 53 Texas, 256, 257; Houston, E. & W. T. Ry. Co. v. Adams, 63 Texas, 206; Texas & P. Ry. Co. v. Scott, 64 Texas, 551; Leach v. Wilson County, 68 Texas, 355; Wegner v. Biering, 73 Texas, 89; East Line, etc., Ry. Co. v. Smith, 65 Texas, 171; Diamond Mill Co. v. Groesbeck National Bank, 9 Texas Civ. App., 33; Houston & T. C. Ry. Co. v. Stewart, 14 Texas Civ. App., 705; McCarthy v. Houston & T. C. Ry. Co., 21 Texas Civ. App., —; Missouri, etc., Ry. Co. v. Wylie, 33 S. W. Rep., 772; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 637.

*Dickens & Cupp* and *Brady & Caldwell*, for appellee.

KEY, Associate Justice.—H. M. Heittner shipped a carload of horses from Taylor to Waskom, Texas, over the lines of the International & Great Northern Railroad Company and the Texas & Pacific Railway Company. When the shipment reached its destination some of the animals were injured, and thereafter Heittner brought this suit against the International & Great Northern Railroad Company for damages; and, from a verdict and judgment in his favor, the company has appealed.

The testimony complained of in the first assignment of error was not admissible, but it added nothing to what had already been proved, and affords no ground for reversal.

As the shipment was made under a written contract which limited the defendant's liability to its own line, we hold that error was committed in refusing requested instruction No. 2, specifically declaring the effect of that provision of the contract and advising the jury that the defendant was not liable for such injuries, if any, as were inflicted after the shipment was delivered to the connecting carrier. The court's charge on that subject was not as specific and definite as the requested instruction.

We also sustain the fourth assignment of error which complains of the verdict, because it was shown that the plaintiff had failed to comply with the stipulation in the contract requiring him to give written notice of his claim for damages within ninety-one days. It affirmatively appears from the plaintiff's own testimony that he failed to give such notice to the defendant. He submitted testimony tending to show that the agent of the Texas & Pacific Railway at Waskom, at his instance, prepared a written notice of his claim for damages, and forwarded it to the headquarters of that company; but the testimony fails to show that that company or its agent at Waskom was the agent or representative of the defendant, the International & Great Northern Railroad Company. The trial court submitted to the jury the question of the defendant's waiver of the written notice required by the contract, but we fail to find any testimony to support a finding of such waiver. There is testimony tending to show such waiver by the Texas & Pacific Railway Company, but not by the International & Great Northern Railroad Company. In reaching this conclusion, we have not overlooked the plaintiff's testimony where he stated that in about 35 days after the damage accrued he returned to Taylor, interviewed appellant's agent with whom the contract was made, and told him that all of the horses were damaged, to which the agent replied that he had received notice from the company to that effect. It is quite manifest from the plaintiff's testimony that he went to the agent referred to, not to give written notice of his claim for damages, but for another purpose, and that the reference to damages was merely incidental and that what was said by the agent on that subject did not induce the plaintiff to forego the presentation of written notice, as required by the contract.

After stating that the railroad agent at Waskom required him to pay about $9 excess on freight charges, which was afterwards refunded to him by appellant's agent at Taylor, and after detailing what was done by himself and the agent of the connecting carrier at Waskom to ascertain the extent of the injury, and in the preparation and forwarding the written notice which he said that agent forwarded to the headquarters of that company, he said; "I came back to Taylor to collect this money from the agent there, McKay, and asked him about the money they made me pay over there in Waskom on the horses. I said, 'All my horses got damaged on account of your giving me too large a car.' He said, 'Well, I didn't think a foot of room would make any difference, but I got notice from the Company that your horses were damaged.'" But the plaintiff did not testify that the remark of the agent referred to influenced him in any wise in reference to presenting or asserting his claim against the appellant. On the contrary, he stated that he did not know at that time that it was necessary to give written notice; and also stated, as a further reason for not giving such notice, that he was sick most of the time and was waiting to hear from the agent at Waskom.

In order to establish a waiver on the part of the defendant it was necessary for the plaintiff to submit proof tending to show that appellant or one of its agents did something calculated to induce him to believe that it would not insist upon the stipulation of the contract requiring written notice. Instead of showing that the statement of appel-

lant's agent at Taylor, to the effect that he had received information from the company that the plaintiff's horses were damaged, influenced him in the course thereafter pursued he assigned other and different reasons by which he was influenced. Hence we hold that the proof of waiver was insufficient.

We also hold that the stipulation in the contract requiring written notice of the claim for damages within ninety-one days was reasonable. The plaintiff's own testimony shows that before half of the time had expired he returned to Taylor and presented another claim to appellant's agent with whom the contract was made; and we can perceive no reason why he could not at the same time have presented his claim in writing for damages to his horses.

The assignments which complain of the court's charge are overruled, except the one which involves the contention that the question of waiver should not have been submitted to the jury.

Upon another trial it may be that the plaintiff will be able to submit other testimony relating to the question of waiver; and therefore the judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*